UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARENCE BARR,

    Petitioner,

v.                                       CASE NO.  8:16-cv-1779-T-24 AAS
                                                                                8:02-cr-401-T-24 AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Petitioner Clarence Barr, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 24, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely, to which Petitioner filed a response. With the Court's permission, the United States filed a reply to Petitioner's response. After due consideration, the Court finds Petitioner's motion should be dismissed as untimely.

Petitioner pled guilty to aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (count one), use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two), and use of a firearm during and in relation to a crime of violence (second conviction) in violation of 18 U.S.C. § 924(c)(1)(A) and (C) (count four).  The Court sentenced Petitioner to a term of imprisonment of 435 months on July 31, 2003.  Petitioner filed a direct appeal, and his

sentence was affirmed on January 9, 2004. Petitioner's sentence was reduced based on his substantial assistance, and an Amended Judgment of imprisonment of 421 months was entered on May 5, 2006.

Petitioner now seeks relief under the auspices of § 2255. He claims that because the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, a similarly worded statute, 18 U.S.C. § 924(c)(1)(3)(B), is also unconstitutionally vague, and his sentence should be set aside. Petitioner's claim for relief rests on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the residual cause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S.Ct. 1257 (2016). Petitioner seeks to extend the holdings in Johnson and Welch to 18 U.S.C. § 924(c) on collateral review. However, Petitioner's motion is untimely in that his conviction has been final for more than ten years, and he cannot satisfy the exception to the one year statute of limitations under 28 U.S.C. § 2255(f)(3).

Johnson affords Petitioner no collateral relief with regard to his § 924(c) convictions. First, Johnson did not address the statute under which Petitioner was convicted. Instead, Johnson ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). The Supreme Court has never held that any part of § 924(c) is unconstitutionally vague. Nor has the Eleventh Circuit Court of Appeals extended Johnson's vagueness determination to § 924(c).

In addition, armed bank robbery constitutes a crime of violence under the use of force clause of § 924(c)(3)(A); thus, Petitioner's convictions under § 924(c)(3)(A) are valid regardless of whether the residual clause of § 924(c)(3)(B) is unconstitutional in light of Johnson. See In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (concluding that a companion conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), clearly qualifies as a crime of violence under the § 924(c)(3)(A) use of force clause without regard to the § 924(c)(3)(B) residual clause).

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) The Government's motion to dismiss Petitioner's § 2255 motion as untimely (CV-Doc. 8) is **GRANTED**.

(2) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 50) is **DISMISSED**.

(3) The Clerk is directed to enter judgment for the United States in the civil case and then **to CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 12, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record